CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 09 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID JIMENEZ-RODRIGUEZ, | )<br>) |
| Petitioner, | ) Case No. 7:07CV00153<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA, | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |
| Respondent. | ) |

Petitioner, David Jimenez-Rodriguez ("Jimenez"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2006). Jimenez claims that he was denied effective assistance of counsel and that his sentence was unreasonable.[1] The United States was ordered to respond to the initial Petition and a Motion to Dismiss was filed on May 29, 2007. Jimenez was notified of Respondent's Motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he was warned that judgment might be granted for the Respondent if he did not respond by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Jimenez never responded. However, the time allotted for his response has expired, making the matter ripe for consideration. Upon review of the submissions of the parties and the underlying criminal record, Case No. 4:06CR00014, I find that Jimenez waived his claims in his plea agreement. Accordingly, I find that Respondent's Motion to Dismiss must be granted.

---

[1] The court in Bousley v. United States, 523 U.S. 614 (1998), held that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. Id. at 622. Not only did Jimenez fail to raise his first claim on direct review, but he also fails to demonstrate any of the Bousley requirements. However, as the United States fails to raise this affirmative defense, the court will only consider the waiver defense. This standard does not apply to ineffective assistance of counsel claims. See Massaro v. United States, 538 U.S. 500 (2003).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 9, 2006, a federal grand jury charged Jimenez with possessing with the intent to distribute more than 500 grams of a mixture containing cocaine powder, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm as an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Two). Jimenez pleaded guilty on May 15, 2006, pursuant to a written plea agreement, to Count One. Under the terms of the plea agreement, the United States agreed to dismiss Count Two and also agreed to recommend a three level reduction in offense level for acceptance of responsibility and a period of incarceration at the low end of the applicable guideline range. In exchange for these concessions, Jimenez specifically waived his right to collaterally attack the conviction or sentence pursuant to § 2255. Paragraph eleven (11) states: "I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." Paragraph twenty-one (21) waives any claim of ineffective assistance of counsel. After questioning Jimenez and hearing the government's evidence in support of the plea, I made a factual determination that Jimenez's pleas were knowingly and voluntarily made and found him guilty of Count One (1).

On August 8, 2006, I conducted a sentencing hearing. Jimenez had a criminal history category of one (1), he was given three (3) points for acceptance of responsibility, and the Guidelines range was enhanced by two levels for possession of a weapon, pursuant to the United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (2005) ("U.S.S.G."). I determined that Jimenez's Total Offense Level was 25 and that the Sentencing Guidelines range for Jimenez was 57-71 months imprisonment. A statutory mandatory minimum of sixty (60) months under 21 U.S.C. § 841(b)(1)(B) was applicable in this case, however. Where a statutorily required minimum sentence

is greater than the minimum of the guideline range, the statutorily required minimum sentence shall become the minimum term of the guideline range. U.S.S.G. § 5G1.1(c)(2) (2005). Accordingly, I ultimately found that the range was 60-71 months. I sentenced Jimenez to 60 months imprisonment, to be followed by a four-year term of supervised release.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Jimenez bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. ANALYSIS

### A. JIMENEZ'S VALID GUILTY PLEA AND WAIVER

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth

of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the [ ] waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims that the sentence rests on a constitutionally impermissible factor such as race, or (3) claims that defendant

was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169. Thus, in addition to evaluating the validity of Jimenez's guilty plea and waiver of § 2255 rights, I must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Jimenez knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Jimenez specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." Plea Agreement 6. The language and meaning of the § 2255 is clear and unmistakable, and both Jimenez and his attorney represented by their signatures to the plea agreement that Jimenez had been fully advised of, and understood, its terms. Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Jimenez. During the plea colloquy, the court specifically questioned Jimenez about his understanding of the plea agreement. The court asked Jimenez whether he had read and understood the plea agreement to which Jimenez gave an affirmative answer and explained that the interpreter had read it to him in Spanish. Jimenez indicated to the court that he was twenty-three years old, had completed elementary school in Mexico, had no physical or mental disabilities, was not under the influence of alcohol or of any drug that hampered his ability to understand the proceedings, and that he had understood the courtroom proceedings up to that

---

[2] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n. 2.

point. Jimenez affirmed that he had been given ample opportunity to discuss the case with his attorney and that during these discussions, there was an interpreter present. Jimenez also indicated that he had no complaints about the counsel, representation, or advice given by his attorney. He denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise forced him to plead guilty. The court informed Jimenez that, under the plea agreement, he was waiving his right to appeal his sentence and his right to file a collateral attack the judgment. The court also specifically pointed out to Jimenez that Count One required a five-year minimum sentence and that his offense level would be increased by a two-level weapon enhancement. The court determined, after conducting the plea colloquy, that Jimenez's plea was knowing and voluntary.

Therefore, I find that Jimenez knowingly and voluntarily entered a valid guilty plea and a valid waiver of his right to collaterally attack his sentence under § 2255. The court specifically pointed out the waiver provisions to Jimenez during the plea hearing. Jimenez indicated that he understood the elements of the charges against him, and the consequences of his guilty plea and was voluntarily entering the plea. Moreover, he was sentenced to 60 months, in keeping with the plea agreement for which he bargained and within statutory limits. The court also finds that Jimenez's claims fall within the scope of that waiver. Jimenez does not allege any of the narrow class of claims that fall outside the scope of an enforceable waiver. Accordingly, the court will grant Respondant's Motion to Dismiss.[3]

---

[3] Even though Jimenez waived his right to collaterally attack his sentence, his claim that his sentence is unreasonable because he qualifies for all five of the conditions outlined in 18 U.S.C. § 3553(f) fails on the merits as well. I first note that the guideline range determined under this safety valve provision is advisory only, and is to be considered along with other statutory factors in determining appropriate sentence. U.S. v. Cherry, 366 F.Supp.2d 372, 377 (E.D. Va. 2005). Regardless, Jimenez's possession of a firearm in connection with the offense prohibited him from receiving

## V. CONCLUSION

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Jimenez knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The United States has adhered to its part of the plea bargain. Granting Jimenez relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. For all of the foregoing reasons, the court holds that Jimenez's § 2255 waiver is valid and that the issues he has raised in his habeas motion are within the scope of his waiver. Accordingly, I will grant the Motion to Dismiss. An appropriate Order shall be issued this day.

**ENTER:** This 9th day of July, 2007.

_____
Senior United States District Judge

---

the benefit of the safety valve provision. U.S.S.G. § 5C1.2 (2005). Furthermore, I find that Jimenez's claim that he was provided ineffective assistance of counsel fails on the merits as well. Jimenez bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Upon review of the record, the court finds that Jimenez is unable to demonstrate that the result of the sentencing proceedings would have been any different if his counsel had challenged the government's application of the U.S.S.G. § 2D1.1 enhancement. Since Jimenez pleaded guilty to 21 U.S.C. § 841(a)(1), he was subject to a mandatory minimum term of sixty (60) months incarceration pursuant to 21 U.S.C. § 841(b)(1)(B). This statutory term must be imposed, regardless of whether the Sentencing Guidelines call for a lesser term. See United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989). Finally, Jimenez failed to voice any concerns during his guilty plea or sentencing about his counsel's assistance. Accordingly, as Jimenez cannot demonstrate prejudice, I find that his ineffective assistance of counsel claim is thus without merit.